IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01265-WDM-MJW

Reliance Precast, LLC,
    Plaintiff,

v.

United States of America,
    Defendant.

## INFORMATION FOR TEMPORARY RESTRAINING ORDER

Attorney for Plaintiff    Ted H. Merriam, Kevin A. Planegger

Telephone number  (303) 592-5404

Attorney for Defendant    United States Attorney

Telephone number  (303) 454-0100

Concise statements as to type of claim  Wrongful levy lawsuit against IRS

Jurisdiction (cite statute)  26 U.S.C. §§ 7426(a) and 7426(b)(1), 28 U.S.C. §§ 1331 and 1346(a)(1)

Hearing:  See D.C.COLO.LCivR. 7.1A

    Date Motion for Temporary Restraining Order filed  July 27, 2006

    Estimated length of hearing  2 hours

    Request hearing be set for  ___ today  ___ tomorrow  _X_ within one week

    Reason why immediate action is required  Levies on accounts receivable leave Plaintiff with inability to pay its normal operating expenses

Notice:
    Has opposing party and/or attorney been notified?  _X_ Yes  ___ No

    If "yes", state when  7/27/06  and by what means  Fax and mail

    If "no", state reason

(Rev. 04/15/02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01265-WDM-MJW

RELIANCE PRECAST, LLC,

       Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

       Defendant.

## MOTION FOR PRELIMINARY INJUNCTION
## AND/OR TEMPORARY RESTRAINING ORDER

      The Plaintiff, Reliance Precast, LLC, by and through its attorneys, Ted H. Merriam and Kevin A. Planegger, moves the Court, pursuant to 26 U.S.C. §7426(b)(1) and pursuant to Rule 65(a) and (b) of the Federal Rules of Civil Procedure, for the issuance of a Preliminary Injunction and/or Temporary Restraining Order to release levies served by the Internal Revenue Service on the Plaintiff's bank accounts and accounts receivable, and to prevent the issuance of further levies and seizures.

In support of this motion, the Plaintiff states as follows:

1. The Internal Revenue Service ("IRS") served notices of levy on or about October 14, 2005, June 22, 2006, and July 5, 2006 on the Plaintiff's accounts receivable and bank accounts to enforce collection of delinquent employment taxes owed by an unrelated entity, Winfrey Architectural Concrete, Inc. ("WAC").

2. The IRS levies (of October 14, 2005, June 22, 2006, and July 5, 2006) are wrongful and illegal because the Plaintiff is not the nominee or alter ego of WAC, as alleged by the Defendant.

3. The ownership of the Plaintiff is completely different from the ownership of WAC. The Plaintiff is solely owned by Audre Porterfield. Ms. Porterfield had no ownership interest or any other connection with WAC. Upon information and belief, WAC went out of business following dismissal of its unsuccessful attempt to reorganize under Chapter 11 of the Bankruptcy Code.

4. The business of the Plaintiff is different than the business of WAC. WAC produced large pre-stressed structural elements for use in construction, while the Plaintiff produces

decorative trim pieces for use in masonry facades and landscape applications.

5. The Plaintiff has a substantial likelihood of success in this action because it is not a nominee nor alter ego of WAC.

6. Plaintiff filed a complaint on June 30, 2006 in this Court pursuant to 26 U.S.C. §7426 to recover its wrongfully seized property and for a determination that Plaintiff is neither the nominee nor alter ego of WAC.

7. The IRS levies were wrongful and illegal within the meaning of 26 U.S.C. §7426 because the Plaintiff owned the seized property; the Plaintiff did the work that generated the accounts receivable, and deposited its revenue in its bank accounts. The IRS has no legal right to or interest in the Plaintiff's property.

8. Any future IRS levies served on the Plaintiff's accounts receivable and bank accounts would also be wrongful and illegal.

9. The Anti-Injunction Act, (26 U.S.C. §7421(a)), by its specific terms, does not apply to an injunction seeking to restrain the Internal Revenue Service from collecting taxes when the Internal Revenue Service wrongfully levies against property that does not belong to the taxpayer (26 U.S.C. §7426(b)(1)).

10. The threatened injury to the Plaintiff outweighs whatever damages the Preliminary Injunction and/or Temporary Restraining Order will cause the Defendant. The Defendant's interests are adequately protected by federal tax liens filed against the Plaintiff in Weld County, Colorado and with the Colorado Secretary of State on or about November 4, 2005. If the current levies are not released and future levies not prevented, the Plaintiff will suffer irreparable financial harm, i.e., it will be put out of business.

11. From October 2005 through approximately May 2006, the IRS collected at least $82,077 in proceeds from its October 2005 levies of the Plaintiff's property.

12. With the additional levies issued on or about June 22, 2006 and July 5, 2006, IRS seeks to enforce collection of an additional $293,247 of taxes owed by WAC.

13. IRS has now issued over two hundred notices of levy against the Plaintiff's property, and this enforced collection action has jeopardized the continued operations of the Plaintiff.

14. IRS Revenue Officer Patricia Korb has communicated to Plaintiff's attorneys that she intends to continue serving levies on the Plaintiff's property despite the wrongful levy action filed in this Court on June 30, 2006.

15. Without immediate relief from the IRS seizures, the Plaintiff will be forced out of business and the wrongful levy action filed on June 30, 2006 will be moot.

16. The issuance of the Preliminary Injunction and/or Temporary Restraining Order will not be adverse to public policy. In fact, public policy as defined by congressional mandate is to protect non-taxpayers from this type of seizure activity by authorizing suits for wrongful levy under the provisions of 26 U.S.C. §7426.

17. The foregoing grounds are more fully set forth in the Affidavit of Audre Porterfield submitted in support of this Motion.

WHEREFORE, the Plaintiff prays:

1. That the Court issue a Temporary Restraining Order and Preliminary Injunction ordering the Defendant to release the levies against the Plaintiff's bank accounts and accounts receivable, and to prohibit further levies; and

2. That the Court award the Plaintiff such other and further relief as it deems just and proper.

Dated: July 27, 2006

                        Merriam Law Firm, P.C.

               By:  s/Ted H. Merriam
                     Ted H. Merriam

               By:  s/Kevin A. Planegger
                     Kevin A. Planegger

                     1625 Broadway, Suite 770
                     Denver, Colorado 80202
                     Telephone: (303) 592-5404
                     Email: tmerriam@taxlaw2848.com

                     Attorneys for the Plaintiff