**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.  06-cv-01265 WDM MJW

RELIANCE PRECAST, LLC,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant.

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

The United States, by and through its undersigned counsel, submits this Opposition to the plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order ("Motion for Preliminary Injunction").[1]

**A.    Legal Standard**

The United States Court of Appeals for the Tenth Circuit requires movant to establish four elements as the basis for issuance of a preliminary injunction: (1) the moving

---

[1] Although titled a Motion for Preliminary Injunction and/or Temporary Restraining Order, plaintiff, in a telephone conversation with counsel for the United States and Judge Miller's law clerk on August 1, 2006, indicated that it is seeking only a preliminary injunction at the evidentiary hearing set for August 3, 2006.

1842495.1

party will suffer irreparable harm unless the injunction issues; (2) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) that the injunction, if issued, would not be adverse to the public interest; and (4) substantial likelihood that the movant will succeed on the merits. Walmer v. United States Dept. of Def., 52 F.3d 851, 854 (10th Cir. 1995); SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991). "If the movant has satisfied the first three requirements for a preliminary injunction, the movant may establish likelihood of success by showing questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of a more deliberate investigation." Walmer, 52 F.3d at 854; See Star Fuel Marts, LLC v. Sam's East, Inc., 362 F.3d 639, 653 (10th Cir. 2004).

Pursuant to 26 U.S.C. § 7426(b)(1), the moving party, in a wrongful levy suit brought pursuant to 26 U.S.C. 7426(a), does not suffer irreparable harm unless the levy would "irreparably injure rights in property which the court determines to be superior to the rights on the United States in such property." 26 U.S.C. § 7426(b)(1); Ketcham v. United States, 783 F.Supp. 511, 517 (D. NV. 1991); Jarro v. United States, 835 F.Supp. 625, 629-630 (S.D. Fla. 1992); First Corp. Sedans, Inc. v. United States, 1996 U.S. Dist. LEXIS 3958, *7-*12 (S.D. N.Y. 1996). In other words, 26 U.S.C. § 7426(b)(1) "only permits an injunction where the threatened harm relates to the moving party's interest in the levied property itself." First Corp Sedans, Inc., 1996 U.S. Dist. LEXIS 3958, *7-*8 (S.D. N.Y. 1996). "Temporary deprivation of money, in and of itself, cannot constitute

irreparable harm, and certainly cannot satisfy the narrower term 'irreparable injury in property.'" Jarro, 835 F.Supp. 625, 630 (S.D. Fla. 1992). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Id.; See Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1258 (10th Cir. 2003). Moreover, "[c]onsequential damage, such as financial harm to . . . [movant's] . . . business will not satisfy the [26 U.S.C.] § 7426 irreparable injury standard, and 'no irreparable harm, as a matter of law, may result by virtue of the temporary deprivation of money alone.'" Wood Rich Constr. Co., Inc. v. United States, 1996 U.S. Dist. LEXIS 8905, *3 (E.D. Pa. June 25, 1996) (citing Jarro, 835 F.Supp. at 630; Midwest Finance, Inc. v. United States, 1993 WL 106885, *1 (8th Cir. 1993); First Corp Sedans, Inc., 1996 U.S. Dist. LEXIS 3958 at *3).

A preliminary injunction that "afford[s] the movant all the relief that it could recover at the conclusion of a full trial on the merits . . .[is] . . . disfavored."[2] Centro Espirita Beneficiente Uniao de Vegetal v. Ashcroft, 389 F.3d 973, 975-976 (10th Cir. 2004). The United States Court of Appeals for the Tenth Circuit requires that any "preliminary injunction fitting within one of the disfavored categories must be more

---

[2]In this case, plaintiff seeks the to enjoin the IRS from collecting on outstanding levies and levying, in the future, on plaintiff's property. If the Court grants the relief requested by plaintiff, the property levied on by the IRS will be transferred to plaintiff. If plaintiff prevails in a full trial on the merits of this lawsuit, by showing the levies were wrongful pursuant to 26 U.S.C. § 7426, all property collected pursuant to the levies will be returned to plaintiff. The relief requested by plaintiff in this motion and the relief requested by plaintiff in the complaint are equivalent. They both seek a return of money on which the IRS has levied. Because a preliminary injunction would afford plaintiff all the relief it could recover at the conclusion of a full trial on the merits, the Court should evaluate plaintiff's Motion for a Preliminary Injunction as it would any request for an injunction that is disfavored.

closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal case." Id. at 975. Movants "seeking such an injunction are not entitled to rely on this Circuit's modified likelihood-of-success-on-the-merits standards." Id. at 976. "Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms . . . ." Id.

**B.     Plaintiff has not met the requirements for the Court to issue the preliminary injunction requested.**

**1.     Plaintiff failed to show that it will suffer irreparable injury if the preliminary injunction is not issue by the Court.**

Plaintiff failed, in its Motion for Preliminary Injunction and Affidavit in Support of the Motion, to show that allowing the IRS to levy on the plaintiff's accounts receivable and bank accounts will harm plaintiff's interest in the seized property.[3]  See Motion for Preliminary Injunction; Affidavit in Support of Motion for Preliminary Injunction. Plaintiff argues that, without the funds that are to be paid to the IRS, it will be "put out of business." See Motion for Preliminary Injunction, p. 4. This allegation, even if proven, does not establish that the property which is at issue in this action would be irreparably injured. The property at issue is money. Should the Court determine at trial that the levy at issue was wrongful because it was not subject to levy, pursuant to 26 U.S.C. § 6331(a), the money would be returned to the plaintiff with interest. See 26 U.S.C. § 7426(g).

---

[3] The levies issued by the IRS only seek to collect money owed to plaintiff by various entities. See Complaint, ¶'s 15, 17, & 19.

Plaintiff's temporary lack of access to the money does not constitute irreparable injury to the property as required by 26 U.S.C. § 7426(b)(1).

Moreover, consequential harm to plaintiff's business does not, pursuant to 26 U.S.C. § 7426(b)(1), qualify as irreparable injury. In First Corp. Sedans, Inc. v. United States, 1996 U.S. Dist. LEXIS 3958 (S.D.N.Y. March 27, 1996), the Court was presented with an argument similar to that made by plaintiff. First Corporate Sedans claimed that its inability to access the funds levied would cause it to go out of business. It also argued that the service of levies upon its customers would cause it to lose goodwill and wipe out its customer base. The Court held that the "irreparable harm alleged by First Corporate is not the loss of the levied property, but the consequential rise of losing credit and goodwill." First Corp. Sedans, Inc. v. United States, 1996 U.S. Dist. LEXIS 3958, *11 (S.D.N.Y. March 27, 1996). "The levies do not threaten First Corporate's rights in the property . . . ." Id. First Corporate's failure to show that it would suffer permanent loss of the property as a result of the levy was fatal to its request for a preliminary injunction, even though the loss of access to the funds could potentially cause it to go out of business. Id. Similarly, the Court should deny plaintiff's request for a preliminary injunction because plaintiff failed to show that the levies issued by the IRS threaten its right to the levied property.

**2. The damage to the United States if the preliminary injunction is granted far outweighs any threatened injury to plaintiff.**

In its Motion, plaintiff claims that if a preliminary injunction is not issued, plaintiff will be "put out of business." See Motion for Preliminary Injunction, p. 4. Plaintiff asserts

that it needs the money that has been levied by the IRS to pay vendors, payroll, rent, federal unemployment, state unemployment and sales taxes.  See Affidavit in Support of Motion for Preliminary Injunction, ¶'s 6, 8, 9 & 10.  In the Affidavit, Ms. Porterfield asserts that various amount are due to be paid to different creditors, but she fails to provide examples of steps plaintiff has taken to secure funds from other sources.  In other words, plaintiff has not provided specific evidence that it will actually go out of business if the preliminary injunction is not issued.  In any case, as previously stated, collateral damage that results from the money being seized does not qualify as irreparable harm when tax collection is at issue.

In contrast to the alleged threatened injury to the plaintiff, the United States will lose the ability to collect the money that is paid to other creditors.  The public fisc should not be required to chance the loss of this money: "taxes are the life-blood of the government, and their prompt and certain availability an imperious need."  Bull v. United States, 295 U.S. 247, 259 (1934).  If plaintiff uses the money that has currently been levied for other expenses, as it has indicated it will, the United States will not be able to collect those funds at a future date.

### 3. The preliminary injunction, if issued, would be adverse to the public interest.

A preliminary injunction restraining the IRS from collecting taxes is disfavored. See Ketcham v. United States, 783 F.Supp. 511, 518 (D. NV. 1991).  "Although district courts are ordinarily given wide discretion in granting or denying preliminary injunctions

under Fed. R. Civ. P. 65(a) . . . in the context of suits attempting to restrain the collection of taxes, this discretion is limited by the general policy which disfavors enjoining the taxing authority." Id. (citations omitted).  Because plaintiff seeks to enjoin the IRS from collecting on levies that have been issued and issuing new levies to collect funds to satisfy unpaid tax liabilities, its request for a preliminary injunction is disfavored and adverse to the public interest.

### 4. The plaintiff failed to show that it has a substantial likelihood of success on the merits.

Plaintiff failed to establish a substantial likelihood of success on the merits.  It is well-settled that the lien created by 26 U.S.C. § 6321 attaches to property held by a nominee or alter ego of a taxpayer and that such property is subject to the collection of the taxpayer's tax liability.  G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-351 (1977); United States v. Scherping, 187 F.3d 796, 801 (8th Cir. 1999); Shades Ridge Holding Company, Inc. v. United States, 888 F.2d 725, 728 (11th Cir. 1989); F.P.P. Enterprises v. United States, 830 F.2d 114, 117-18 (8th Cir. 1987); Loving Savior Church v. United States, 728 F.2d 1085 (8th Cir. 1984); Towe Antique Ford Foundation v. IRS, 791 F.Supp. 1450, 1453 (D. Mont. 1992) aff'd, 999 F.2d 1387 (9th Cir. 1993). Although there is no direct statutory authority providing for nominee liens, it is firmly established that a federal tax lien attaches to property held by a taxpayer's nominee.  See United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1036 (10th Cir. 1974); see also Scoville v. United States, 250 F.3d 1198, 1202-1203 (8th Cir. 2001); LiButti v. United

States, 107 F.3d 110, 120, 125 (2d Cir. 1997)); Towe Antique Ford Foundation v. IRS, 791 F.Supp. 1450, 1454 (D. Mont. 1992), aff'd 999 F.2d 1387 (9th Cir. 1993); Shades Ridge Holding Co. v. United States, 888 F.2d 725, 728-29 (11th Cir. 1989).  Section 6331 of the Internal Revenue Code allows the IRS to collect a tax liability by levy upon "all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax."  See Randall v. H. Nakashima & Co., Ltd., 542 F.2d 270 (5th Cir. 1976).

Although the United States recently received this case and has not had sufficient time to fully develop the facts, it anticipates presenting the following facts to the Court to demonstrate that plaintiff is the mere nominee/alter ego of the taxpayer: (1) plaintiff is located at the same location as Winfrey Architectural Concrete, Inc. ("WAC"), (2) plaintiff rents equipment that belonged to WAC, (3) Andrew Winfrey, the Secretary of WAC, is the Secretary of plaintiff, (4) Audre Porterfield is the girlfriend of Robley Winfrey, the President of WAC, and (5) that there is no evidence the property was transferred to plaintiff from WAC.

In any case, plaintiff has clearly not provided sufficient evidence, in its Motion for Preliminary Injunction and Affidavit in Support of Motion for Preliminary Injunction, to support its argument that it has a substantial likelihood of success on the merits.[4]

---

[4] Plaintiff only makes assertions that it is not the nominee/alter ego of Winfrey Architectural Concrete, Inc.  Those assertions are not sufficient for plaintiff to show that it has a substantial likelihood of showing that the levies made by the IRS against plaintiffs bank accounts and accounts receivable were wrongful pursuant to 26 U.S.C. § 7426.

DATED this 2nd day of August, 2006.        Respectfully submitted,

WILLIAM LEONE
United States Attorney

MARK PESTAL
Assistant United States Attorney


 s/ Chad D. Nardiello
CHAD D. NARDIELLO
GOUD P. MARAGANI
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 514-6632
              (202) 307-6513
Facsimile:    (202) 307-0054
Email: Chad.D.Nardiello@usdoj.gov
       Goud.P.Maragani@usdoj.gov

Attorneys for United States

# CERTIFICATE OF SERVICE

I hereby certify that I have made service of the **UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER** upon the parties hereto by facsimile and by depositing in the United States mail on the 2nd day of August, 2006, a true copy thereof, enclosed in an envelope with postage thereon, addressed to:

Reliance Precast, LLC
c/o Theodore (Ted) H. Merriam
Merriam Law Firm, P.C.
1625 Broadway, #770
Denver, CO 80202

 s/ Chad D. Nardiello
CHAD D. NARDIELLO
Trial Attorney, Tax Division
U.S. Department of Justice

1842495.1