IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01265-WDM-MJW

RELIANCE PRECAST, LLC,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

---

Ted H. Merriam
Kevin A. Planegger

MERRIAM LAW FIRM, P.C.
1625 Broadway, Suite 770
Denver, Colorado 80202
Telephone: (303) 592-5404
Facsimile: (303) 592-5439
Email: tmerriam@taxlaw2848.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01265-WDM-MJW

RELIANCE PRECAST, LLC,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

---

The Plaintiff, Reliance Precast, LLC, through its undersigned attorneys, Ted H. Merriam and Kevin A. Planegger of the Merriam Law Firm, P.C., respectfully submits this brief in support of its Motion for Preliminary Injunction and/or Temporary Restraining Order filed on July 27, 2006.

### A. Procedural History

The Plaintiff filed a Complaint on June 30, 2006 against the United States pursuant to 26 U.S.C. §7426 to recover property seized by wrongful levies issued by the Internal Revenue Service ("IRS") on October 14, 2005 and June 22, 2006. Revenue Officer Patricia Korb issued additional levies on the Plaintiff's property subsequent to the filing of the wrongful levy action in this Court, and Ms. Korb

has communicated to Plaintiff's attorneys that she intends to continue issuing levies. Plaintiff filed a Motion for Preliminary Injunction and/or Temporary Restraining Order ("Motion for Preliminary Injunction") on July 27, 2006 to prevent the issuance of further levies and seizures that will force the Plaintiff out of business. In a Minute Order dated August 1, 2006, the Court scheduled a hearing on August 3, 2006 with respect to Plaintiff's Motion for Preliminary Injunction. The United States' Opposition to Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order ("Opposition") was filed on August 2, 2006.

**B. Legal Analysis - Standard for Preliminary Injunctive Relief**

The Plaintiff agrees with the government that the following four elements must be satisfied before the Court can issue a preliminary injunction: (1) the moving party will suffer irreparable harm unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) that the injunction, if issued, would not be adverse to the public interest; and (4) that the moving party has a substantial likelihood of success on the merits. <u>Walmer v. United States Dept. of Defense</u>, 52 F.3d 851, 854 (10th Cir. 1995); <u>Dataphase Systems, Inc. V. CL Systems, Inc.</u>, 640 F.2w 109 (8th Cir. 1981). The government concedes that "if the movant has satisfied the first three requirements for a preliminary injunction, the movant may establish likelihood of success by showing questions going to the merits so serious, substantial, difficult and doubtful,

as to make the issues ripe for litigation and deserving of a more deliberate investigation.  United States' Opposition, page 2 (citing Walmer, 52 F.3d at 854; and Star Fuel Markets, LLC v. Sam's East, Inc., 362 F.3d 639, 653 (10th Cir. 2004)).

### 1. Irreparable Harm

When considering irreparable harm in the context of a preliminary injunction under I.R.C. §7426(b)(1), courts should consider all harm to the moving party, "including harm arising as a consequence of the levies."  Midwest Finance, Inc. V. United States, 92-2 USTC ¶50,494 (S.D. Iowa 1992).  In Midwest Finance, the court recognized that the plaintiffs would suffer some irreparable injury as a result of the IRS levies; two of the plaintiffs would likely cease operations as a going concern.  Id.

Reliance Precast, LLC ("Reliance") will face similar irreparable injury unless the Court issues a preliminary injunction to prevent additional IRS levies.  As set forth in Audre Porterfield's Affidavit submitted in support of Plaintiff's Motion for Preliminary Injunction, Reliance will not be able to pay its current rent (paragraph 10 of Porterfield Affidavit), current payroll (paragraph 9 of Porterfield Affidavit), and current taxes (paragraphs 6 and 7 of Porterfield Affidavit) as a result of the ongoing IRS levies on its accounts receivable.  Without immediate relief from the IRS seizures, the Plaintiff will be forced out of business and endure irreparable harm.  Porterfield Affidavit, paragraph 11.

## 2. Irreparable Harm outweighs possible damage to Defendant

The government argues that the United States will lose the ability to collect money paid to other creditors if the preliminary injunction is issued in this case, and that "taxes are the life-blood of the government, and their prompt and certain availability an imperious need." United States' Opposition, page 2 (citing <u>Bull v. United States</u>, 295 U.S. 247, 259 (1934)). This argument is misplaced. First, if a preliminary injunction is issued, the Plaintiff will be able to continue operations and continue generating accounts receivable. If the Plaintiff is ultimately determined to be a nominee/alter ego of the delinquent taxpayer, the IRS can resume enforced collection (on receivables or other assets) at that time; they will not be harmed by a temporary stay while the case is fully adjudicated. Second, a significant portion of the Plaintiff's current expenses include current tax obligations. The IRS seizure of the Plaintiff's accounts receivable will ultimately create new tax liabilities if/when the Plaintiff is forced out of business.

## 3. Public Interest

Contrary to the government's position, a preliminary injunction in this case would not be adverse to the public interest. Plaintiff contends that an unnecessary forced business closure and loss of approximately twenty-five jobs is more adverse to the public

interest than a brief stay of IRS collection so that the District Court can rule on the merits.

### 4. Substantial Likelihood of Success on the Merits

It is well settled that the Internal Revenue Service may seek to proceed against an alter ego of a taxpayer for the purpose of satisfying the taxpayer's delinquent obligations. G.M. Leasing Corp. V. United States, 429 U.S. 338 (1977). The United States Supreme Court has stated that an alter ego is created by a "mere technical change in the structure or identity of the employing entity . . . without any substantial change in its ownership or management. Howard Johnson Co., Inc. v. Detroit Local Joint Executive Board, 417 U.S. 249 (1974). Courts consider whether the old and new companies share "substantially identical management, business purpose, operation, equipment, customers, supervision, as well as ownership. Ross Controls, Inc. V. United States, 94-1 USTC ¶50,256 (E.D. Penn. 1994)(citing NLRB v. Omnitest Inspection Services, Inc., 937 F.2d 112 (3d Cir. 1991). In ECD Systems, Inc. v. United States, 85-1 USTC ¶9223 (Dist. Colo. 1985), this Court reviewed the following factors in analyzing the alter ego issue: same ownership/management; same business; similar customers/clients; same office/business location; same employees.

### a) Different ownership/management

The Plaintiff, Reliance Precast, LLC, has completely different ownership and management than the delinquent taxpayer, Winfrey Architectural Concrete, Inc. ("WAC").

### b) Different business

The business of the Plaintiff is different than the business of the delinquent taxpayer, Winfrey Architectural Concrete, Inc. WAC generally produced large pre-stressed structural elements for use in construction, while the Plaintiff exclusively produces decorative trim pieces for use in masonry facades and landscape applications.

### c) Same customers/clients

Approximately sixty percent of the Plaintiff's customers were also customers of WAC. The remaining forty percent of Plaintiff's customers had no relationship with WAC.

### d) Same office/business location

The Plaintiff does use the same business location used by WAC. The Plaintiff, however, did obtain its own lease with the unrelated property owner in May of 2005.

### e) Same employees

The Plaintiff does not employ the same employees previously employed by WAC. The Plaintiff currently has approximately 25

employees; only three or four of these employees used to work for WAC.

A review of these factors weighs in favor of a finding that the Plaintiff is not an alter ego of Winfrey Architectural Concrete, Inc., and the Plaintiff has a substantial likelihood of success when this case is decided on the merits.

In order to prevail in a final determination under section 7426(b)(1), the Plaintiff must also show that the levy would irreparably injure rights in the property. <u>Midwest Finance, Inc. V. United States</u>, 92-2 USTC ¶50,494 (S.D. Iowa 1992). In this case, the IRS revenue officer has issued hundreds of levies on the Plaintiff's accounts receivable. The Plaintiff's rights in this property exceed the mere monetary value of each account. These rights include the good will of the business, the customer lists themselves, and the opportunity for future business. These rights are being jeopardized (and will be irreparably harmed) by the ongoing levies issued by the IRS in this case. The accounts receivable are not simply "money."

DATED: August 3, 2006

                        MERRIAM LAW FIRM, P.C.

                        By: s/Ted H. Merriam
                             Ted H. Merriam

                        By: s/Kevin A. Planegger
                             Kevin A. Planegger

                             1625 Broadway, Suite 770
                             Denver, Colorado 80202
                             Telephone: (303) 592-5404
                             Facsimile: (303) 592-5439
                             Email:tmerriam@taxlaw2848.com

                             Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that he/she has served a true and correct copy of the foregoing <u>Brief in Support of Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order</u> by sending them a copy in PDF format by electronic mail, as well as a paper copy thereof, via first-class U.S. mail, in an envelope properly addressed on the 3nd day of August, postage prepaid and addressed as follows:

    Chad D. Nardiello
    Goud P. Maragani
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Ben Franklin Station
    Washington, D.C.  20044-0683

                                          <u>s/Kevin A. Planegger</u>
                                          Kevin A. Planegger