IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 06-cv-01265 WDM MJW

RELIANCE PRECAST, LLC,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA

    Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The conference was held on September 7, 2006. Kevin A. Planegger, Merriam Law Firm, P.C., 1625 Broadway, Suite 770, Denver, Colorado 80202, telephone (303-592-5404), appeared for and on behalf of the Plaintiff. Chad D. Nardiello, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683, telephone (202-514-6632), appeared for and on behalf of the United States of America.

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1346(a)(1) and 26 U.S.C.

§7426(a). Venue is proper in this Court pursuant to 28 U.S.C. 1391(e).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff: The Plaintiff, Reliance Precast, LLC, filed the Complaint in this case on June 30, 2006 against the United States of America pursuant to 26 U.S.C. §7426 to recover property seized by wrongful levies issued by the Internal Revenue Service ("IRS") beginning on October 14, 2005 to collect delinquent employment taxes owed by Winfrey Architectural Concrete, Inc. ("WAC"). Reliance Precast, LLC is not a nominee or "alter ego" of Winfrey Architectural Concrete, Inc. The ownership of the Plaintiff is completely different from the ownership of WAC; Audre Porterfield solely owns the Plaintiff, and Ms. Porterfield had no ownership interest in WAC. The business of the Plaintiff is different than the business of WAC because WAC produced large pre-stressed structural elements for use in construction, while the Plaintiff produces decorative trim pieces for use in masonry facades and landscape applications. The IRS levies against the Plaintiff were wrongful and illegal within the meaning of 26 U.S.C. §7426 because the Plaintiff owned the seized property; the Plaintiff did the work that generated the accounts receivable, and deposited its revenue in its bank accounts. The IRS has no legal right to or interest in the Plaintiff's property. Reliance Precast, LLC is an entirely separate and distinct entity from Winfrey Architectural Concrete, Inc. Accordingly, the Plaintiff is entitled to recover the property illegally seized by the IRS levies.

b.  Defendant: Plaintiff in this case is the nominee, alter-ego and/or successor corporation of WAC. The Internal Revenue Service has properly filed federal tax liens and federal tax levies against Plaintiff to collect the outstanding tax liabilities of WAC. Plaintiff's claims that the federal tax levies are wrongful is unfounded and not supported by the evidence in

this case.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. On May 5, 2003, Winfrey Architectural Concrete, Inc. ("WAC") filed for bankruptcy.

b. The Internal Revenue Service, through its Revenue Officer Patricia Korb, issued over 100 levies on the Plaintiff's accounts receivable and bank account, on or about October 14, 2005 through November 3, 2005.

c. On or about November 15, 2005 and November 17, 2005, IRS filed notices of federal tax lien against the Plaintiff in Weld County, Colorado and with the Colorado Secretary of State. These tax liens identified the taxpayer as "Reliance Precast, LLC as Nominee/Alter Ego of Winfrey Architectural Concrete, Inc."

d. From October 2005 through approximately May 2006, the IRS collected at least $77,482.50 in proceeds from their levies of the Plaintiff's property.

e. The seized property, was apparently applied by IRS to WAC's delinquent federal employment tax liabilities.

f. In June 2006, IRS issued additional "nominee levies" against the Plaintiff's bank and customers.

## 5. COMPUTATION OF DAMAGES

The Plaintiff seeks a refund of at least $82,077 for payments that the Internal Revenue Service seized pursuant to allegedly illegal levies on the Plaintiff's property.

The United States of America seeks no damages in this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  The Rule 26(f) meeting was held (via telephone) on September 5, 2006.

b.  Kevin A. Planegger, Merriam Law Firm, P.C., 1625 Broadway, Suite 770, Denver, Colorado 80202, telephone (303-592-5404), appeared for and on behalf of the Plaintiff. Chad D. Nardiello, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683, telephone (202-514-6632), appeared for and on behalf of the United States of America.

c.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). The parties have agreed that the Rule 26(a)(1) initial disclosures will be made by October 13, 2006.

d.  Statement as to when rule 26(a)(1) disclosures were made or will be made. Rule 26(a)(1) initial disclosures will be made by October 13, 2006.

e.  No agreements to conduct informal discovery have been made at this time.

f.  The parties do not anticipate that this case will involve any extensive or substantial amount of electronically stored information.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: October 6, 2006.

b. Discovery Cut-off: April 9, 2007.

c. Dispositive Motion Deadline: May 9, 2007.

d. Expert Witness Disclosure:

(1) No expert testimony is anticipated at this time.

(2) Each party shall be limited to one expert witness.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 9, 2007.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 23, 2007.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Andrew Winfrey | March 5, 2007 | 9:00 | 7 testimonial hours |
| Audre Porterfield | March 6, 2007 | 9:00 | 7 testimonial hours |
| Roland Cochoran | March 7, 2007 | 9:00 | 7 testimonial hours |
| Robley Winfrey | March 8, 2007 | 9:00 | 7 testimonial hours |
| Patricia Korb (unagreed by | March 9, 2007 | 9:00 | 7 testimonial hours |

| United States) | | | |
|---|---|---|---|

- f. Interrogatory Schedule: Interrogatories shall be submitted no later than February 7, 2007, with responses due thirty days after service, plus three days if mailed.

- g. Schedule for Request for Production of Documents: Requests for production of documents shall be submitted no later than February 7, 2007, with responses due thirty days after service, plus three days if mailed.

- h. Discovery Limitations:

    (1) Any limits which any party wishes to propose on the number of depositions: Number of depositions is limited to eight.

    (2) Any limits which any party wishes to propose on the length of depositions: Depositions are limited to seven testimonial hours.

    (3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules: Parties are limited to 25 interrogatories, including subparts.

    (4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: No limit on requests for production of documents; parties are limited to 25 admissions, including subparts.

    (5) Other Planning or Discovery Orders: None at this time.

## 9. SETTLEMENT

The parties certify here, as required by Fed.R.Civ.P 26(f), that they have discussed the

1900885.1

possibility of settlement and that a settlement is not likely at the present time. The parties are willing to continue discussing settlement as this case proceeds and will report any progress to the Court.

## 10. OTHER SCHEDULING ISSUES

a.  There are no discovery or scheduling issues that the parties were unable to resolve.

b.  The parties anticipate a four-day trial. Trial is to the Court.

## 11. DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held on _____ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )  *Pro se* parties and attorneys only need be present.

( )  *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )  Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

1900885.1

    b.    Status conferences will be held in this case at the following dates and times:

_____

_____

    c.    A final pretrial conference will be held in this case on _____ at _____ o'clock __.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

1900885.1

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this Sixth day of September 2006.

BY THE COURT:

_____
United States Magistrate Judge
Michael J. Watanabe

APPROVED:

| | |
|---|---|
| Kevin A. Planegger | Chad D. Nardiello |
| Merriam Law Firm, P.C. | Trial Attorney, Tax Division |
| 1625 Broadway, Suite 770, Denver, | United States Department of Justice |
| Colorado 80202 | P.O. Box 683, Ben Franklin Station |
| (303-592-5404) | Washington, D.C. 20044-0683 |
| Attorney for Plaintiff | (202-514-6632) |
| | Attorney for Defendant |

1900885.1